```
1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona
   7102 E. 30th Street, Suite 101
3  Yuma, Arizona 85365
   Telephone: 928-314-6410
4  Attorneys for Plaintiff
```

☒ FILED  ☐ LODGED

**1/22/2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-25-96-PHX-JFM |
|---|---|
| Plaintiff, | Case No. 2:25-01096M-001 |
| v. | |
| Gersaih Martinez-Barrera, | **PLEA AGREEMENT** |
| Defendant. | |

The parties enter into the following agreement:

1. The defendant will plead guilty to Count 2 of the Information charging a violation of 8 U.S.C. § 1325(a)(1), Improper Entry by Alien, a Class B misdemeanor offense. The United States shall dismiss Count 1 of the Information at time of sentencing.

2. A violation of 8 U.S.C. § 1325(a)(1) is punishable by a maximum fine of $5,000, a maximum term of imprisonment of six months, or both. The government will move to remit the $10 special assessment.

3. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree to a sentence of ___30___ days' imprisonment.

4. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the defendant agrees that, in the event his/her guilty plea is withdrawn, the United States may use the defendant's guilty plea, the defendant's statements made under oath at the change of plea hearing, and the factual basis statement in this plea agreement as substantive evidence in any subsequent hearing, proceeding, or criminal trial on his/her commission for the offense described herein. The defendant expressly waives any rights he/she may have under Fed. R. Criminal P. 11(f)

and Fed. R. Evid. 410 to bar the United States from such use.

5. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that sentencing may occur on the day of the change of plea hearing and hereby waive the preparation of a Presentence Investigation Report.

6. The defendant understands and agrees that this plea agreement contains all the terms, conditions, and stipulations of his/her guilty plea. If the Court departs from the terms and conditions in this plea agreement, either party may withdraw.

7. If the defendant entered the United States at a place outside the jurisdiction of this Court, the defendant agrees to waive any right to raise a challenge based on improper venue under 8 U.S.C. § 1329 in order to permit the Court to accept the guilty plea and sentence the defendant in accordance with this plea agreement.

8. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that defendant has discussed this eventuality with defendant's attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

9. The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the Complaint or Information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under

18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

10. The elements of Improper Entry by an Alien are (1) the defendant is not a citizen or national of the United States; and (2) the defendant knowingly entered or attempted to enter the United States at a time or place other than as designated by immigration officers.

### FACTUAL BASIS

I am not a citizen or national of the United States. On or about the date alleged in Count 2 of the Information, I knowingly entered the United States within the District of Arizona at a time and place other than as designated by immigration officers, and I was not under the constant, continuous observation of immigration authorities over this period.

Dated this _22nd_ day of _January_, 20_25_.

_____    _____ (For Clnt)
Defense Counsel                                Defendant

_____
Assistant U.S. Attorney

### ACCEPTANCE BY THE COURT

_____    _____
Date                                                    United States Magistrate Judge

- 3 -